J B Black
8611 Cottage Gate
Houston, Texas 77088
jbblackj@yahoo.com

United States District Court
Southern District of Texas
FILED

JUN 0 7 2010

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON

J B Black,                                )
                                          )
        Plaintiff,                        )
                                          )
    vs.                                   )   Cause No: 4:10-cv-01230
                                          )
EXPERIAN INFORMATION SOLUTIONS INC,       )
                                          )   FCRA/NON -COMPLIANCE
TRANS UNION LLC, TERESA IWONSKI, LEXIS    )
                                          )   AMENDED COMPLAINT
NEXIS RISK SOLUTIONS F1 INC, REED         )
                                          )
ELSEVIER GROUP PLC., HARVEST
ASSOCIATES INC
        Defendant

---

Upon information and belief, and in good faith, Plaintiff, J B Black, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA").  Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

### JURISDICTION

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331.  Venue lies in the U.S. District Court, Southern District of Texas –Houston

### PARTIES

3. Plaintiff J B Black (hereinafter "I" or "Plaintiff") is a resident of Houston, Texas.  Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.
4. Defendant Trans Union LLC (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f).  Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.
5. Defendant, Experian Information Solutions (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f).  Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

Amended FCRA COMPLIANT- 1

6. Defendant, <u>Lexis Nexis Risk Solutions F1 Inc.</u> is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). and is authorized to do business in the State of Illinois, with its principle place of business located at 125 Park Avenue 23rd Floor, New York, NY 10017.

## FACTUAL ALLEGATIONS

7. On or about February 2, 2010 I reviewed a recent copy of my Experian credit report#4001739907 I noticed that Experian was reporting Federal Tax Lien See Exhibit A in which is false, and inaccurate erroneous and misleading information
8. On or about March 5, 2010, I immediately notified the Experian via Phone a Teresa Iwonski requesting to dispute the tax lien and also wanted to know the method of verification and the name and address and phone number of the furnisher of this information on March 2010 they completed their investigation stating information is being "verified".
9. On or about March 10, 2010, I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.
10. On or before March 23, 2010 I received a letter from Experian stating "If you question the results of our investigation, then you may want to contact the data furnisher directly. "Please refer to your original personal credit report for the business name, address and phone number (if available) of the source that verified the information".
11. On or before March 31, 2010 I contacted the business name which is Harris County Court (Beverly Kaufman) at phone number 713-755-6405 and spoke with Joy and asked her why are they reporting false, inaccurate and misleading information on my credit report she was speechless to what I was saying she informed me that they do not report to the bureaus. She also told me that they bureaus always use as scapegoats cause they don't want to release the third party vendors I told her that I received a letter stating that they was the data furnisher she informed me that the bureaus have a third party agency in which sells this information to bureaus So I contacted Ms.Tearsa Iwonski back via phone at Experian and informed her with the courts told me then she informed "Yes" they do have a third party vendor But at first she stated that the court are the one that provided them as a data furnisher provided them this information and also by letter is states that (See Exhibit B) they use to get this information I asked her the name and phone number and address of the vendor who are providing this false information and she told me she wouldn't provide me that information I can have it subpoena

12. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.
13. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.
14. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

## CAUSE OF ACTION

15. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

16. <u>Trans Union</u> continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
17. <u>Trans Union</u> continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.
18. <u>Trans Union</u> continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.
19. <u>Trans Union</u> continues to willfully, maliciously, and negligently violate FCRA 616, on multiple occasions
20. <u>Trans Union</u> continues to willfully, maliciously, and negligently violate FCRA 611(a)(7), on multiple occasions
21. <u>Experian</u> continues to willfully, maliciously, and negligently violate FCRA 616, on multiple occasions
22. <u>Experian Information Solutions</u> continues to willfully, maliciously, and negligently violate FCRA 611(a)(7), on multiple occasions
23. As a result of Trans Unions and Experian actions, Plaintiff has been damaged.
24. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
25. <u>Trans Union</u> failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
26. <u>Trans Union;</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
27. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
28. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
29. <u>Experian</u> continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
30. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
31. <u>Experian</u> failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

32. <u>Experian</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
33. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
34. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
35. <u>Experian Information Solutions continues</u> to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
36. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
37. <u>Experian</u> failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
38. <u>Trans Union</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
39. As a result of <u>Experian</u> negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
40. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
41. <u>Reed Elsevier Group Plc.,</u> continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is fraudulent, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers informing Defendant that such information is disputed by Plaintiff.
42. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
43. <u>Reed Elsevier Group Plc.,</u> failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by

FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

44. Reed Elsevier Group Plc., failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

45. As a result of Reed Elsevier Group Plc., negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

46. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees

47. LEXIS NEXIS RISK SOLUTIONS F1 INC., continues to add, store, maintain and disseminate erroneous and inaccurate names, address, employment data and personal credit information, in consumer reports it prepares and issues about Plaintiff which in part, is fraudulent, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers informing Defendant that such information is disputed by Plaintiff.

48. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

49. LEXIS NEXIS RISK SOLUTIONS F1 INC., failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

50. LEXIS NEXIS RISK SOLUTIONS F1 INC failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

51. As a result of LEXIS NEXIS RISK SOLUTIONS F1 INC negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

52. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees

53. Harvest Associates Inc continues to willfully, maliciously, and negligently violate FCRA 616, on multiple occasions

54. Harvest Associates Inc continues to willfully, maliciously, and negligently violate FCRA 611(a)(7), on multiple occasions

55. As a result of Harvest Associates Inc actions, Plaintiff has been damaged.

56. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure

and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

57. Harvest Associates Inc failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

58. Harvest Associates Inc; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

59. As a result of Harvest Associates Inc negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

60. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

61. Harvest Associates Inc continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

62. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

63. Harvest Associates Inc failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

64. Harvest Associates Inc failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

65. As a result of Harvest Associates Inc negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

66. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

67. Harvest Associates Inc to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

68. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure

and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

69. Harvest Associates Inc failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a. Actual damages in an amount to be shown at trial;
b. Statutory damages pursuant to FCRA 1681n;
c. Punitive damages pursuant to FCRA 1681n;
d. Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;
e. Costs and reasonable attorney's fees; and
f. Such other relief as may be just and proper.

/s/ JB Black

J B Black,
Pro Se